IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane, Jr.

Civil Action No. **00-cv-1658-JLK**

**MIGUEL ANGEL TORRES DE LA CRUZ,**

    Petitioner,

v.

**COMMISSIONER, United States Immigration and Customs Enforcement/Department of Homeland Security,**

    Respondent.

## ORDER FOR TRANSFER OF HABEAS CORPUS PETITION TO COURT OF APPEALS

Kane, J.

This matter is before me on Respondent's Motion to Transfer the Petition for Writ of Habeas Corpus to the Court of Appeals for the Tenth Circuit (Doc. 23). Petitioner is a 51- year old citizen of Mexico who was admitted to the United States as a lawful permanent resident in October 1992. In August 1999, seven years and eight months into his residency, Petitioner was convicted of illegal possession/use of cocaine in the State of Utah. Notwithstanding the fact that he is not an "aggravated felon," and because his conviction came four months short of the time long-term residents of the United States qualified for a one-time discretionary "cancellation" option under applicable law, including the Federal First Offender Act (FFOA), the government sought his immediate deportation/removal to Mexico. Petitioner filed the instant petition for habeas corpus relief, challenging the lawfulness of the removal on claims that the post-IRRIRA statutory

scheme has rendered removal proceedings punitive, rather than civil, in nature such that the rights of due process under the Fifth Amendment should attach. After hearing argument from both sides in September 2001, I took the matter under lengthy and considered advisement.

It now appears that Congress, ever vigilant in its homeland security concerns, has acted to divest district courts of jurisdiction over habeas actions stemming from removal proceedings, such that I am compelled to transfer any actions pending at the time of its enactment in 2005 to the appropriate federal court of appeals. *See* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), (c), 119 Stat. 231 (2005) ("RIDA").

Accordingly, and in light of Petitioner's Response hoping to augment the record to reflect Mr. Torres de la Cruz's successful completion of his probation in Utah but failing, substantively, to dispute RIDA's application or effect, IT IS ORDERED that this action be TRANSFERRED to the Tenth Circuit Court of Appeals. I anticipate that the supplemental information Petitioner seeks to introduce can be introduced there. I have been divested of jurisdiction to consider it.

Dated this 6th day of February, 2006.

BY THE COURT:

**s/ John L. Kane**
SENIOR U.S. DISTRICT JUDGE